IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br>NORTHWEST MISSOURI HOLDINGS, INC., *et al.*, | Bankr. Case No. 15-10728-BLS<br>Jointly Administered |
| NORTHWEST MISSOURI HOLDINGS, INC., OREGON FARMERS MUTUAL TELEPHONE CO., OREGON FARMERS MUTUAL LONG DISTANCE, INC., and SOUTH HOLT CABLEVISION, INC.,<br><br>Appellants,<br><br>v.<br><br>TOWNES MISSOURI, INC.,<br><br>Appellee. | Civ. No. 15-470-LPS |

## **MEMORANDUM ORDER**

At Wilmington this 11th day of June, 2015, having reviewed Appellants' Emergency Motion for Stay Pending Appeal (D.I. 4) and Appellee's objection (D.I. 6),

**IT IS HEREBY ORDERED** that, for the reasons stated below, the Emergency Motion for Stay Pending Appeal is **DENIED**.

Background.[1] Appellants filed for Chapter 11 bankruptcy relief in the United States Bankruptcy Court for the District of Delaware on April 6, 2015. (D.I. 4 at ¶ 5) Townes Tele-Communications, Inc. and Townes Missouri Two, Inc. (collectively, "Townes") hold over 99% of the Appellants' debts. (D.I. 6 at ¶ 7) Prior to bankruptcy, and after Appellants defaulted on those debts, Townes had secured a judgment in Missouri state court. (*Id.*) Also prior to

---

[1] Because the Court writes primarily for the benefit of the parties, the Court presumes reader familiarity with the pertinent background facts and case history.

1

bankruptcy, Townes had initiated receivership proceedings, but these state court proceedings were stayed by the bankruptcy pursuant to 11 U.S.C. § 362(a).

On April 22, 2015, Townes filed a motion to dismiss Appellants' bankruptcy. The Bankruptcy Court conducted an evidentiary hearing on May 18, 2015. (D.I. 4 at ¶ 10) The parties presented evidence from Charles Lake, an officer and director of all four Appellant entities, and Johnny Ross, general manager of Townes Communications. (D.I. 6-1 at 27, 46) Via an oral ruling on May 26, 2015, the Bankruptcy Court granted dismissal under 11 U.S.C. § 1112. (D.I. 6-2 at 2) This lifted the automatic stay, and the Missouri state court has scheduled a hearing for June 15, 2015, at which Townes will be pressing its application for appointment of a receiver. (D.I. 3) Appellants unsuccessfully moved in the Bankruptcy Court for an emergency stay pending appeal. (D.I. 6 at ¶ 10)

Standard of Review. Appeals from the Bankruptcy Court are governed by 28 U.S.C. § 158. Pursuant to § 158(a), district courts have mandatory jurisdiction to hear appeals "from final judgments, orders, and decrees" and discretionary jurisdiction over appeals "from other interlocutory orders and decrees." 28 U.S.C. § 158(a)(1) and (3). In conducting its review of the issues on appeal, the Court reviews the Bankruptcy Court's findings of fact for clear error and exercises plenary review of questions of law. *See Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999).

Federal Rule of Bankruptcy Procedure 8007(b) permits this Court to consider a stay pending appeal. The party seeking such a stay has the burden of proof on each of the following factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay

2

will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991). No factor is dispositive; the court must weigh all relevant factors. *See In re Freedom Commc'ns Holdings, Inc.*, 2009 WL 4506553, at *1 (D. Del. Dec. 4, 2009).

Discussion.

1. Likelihood of Success on the Merits. The Bankruptcy Court dismissed Appellants' case under 11 U.S.C. § 1112 after applying the relevant *Primestone* factors.[2] *See In re Primestone Inv. Partners L.P.*, 272 B.R. 554, 557 (D. Del. 2002); *see also* D.I. 6-2 at 8 ("The focus of the *Primestone* inquiry is whether the debtors sought to achieve objectives outside the legitimate scope of the bankruptcy laws when filing for protection under Chapter 11."). When the Court addresses the merits of this appeal, it will review the Bankruptcy Court's grant of dismissal for an abuse of discretion. *See In re SGL Carbon Corp.*, 200 F.3d 154, 159 (3d Cir. 1999). Thus, Appellants' burden is to prove that they will likely succeed in proving that the Bankruptcy Court's decision contained "a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *Int'l Union, UAW v. Mack Trucks, Inc.*, 820 F.2d 91, 95 (3d Cir. 1987).

"Likelihood of success on the merits means that a movant has a substantial case, or a strong case on appeal." *In re Polaroid Corp.*, 2004 WL 253477, at *1 (D. Del. Feb. 9, 2004)

---

[2] The following factors compelled the Bankruptcy Court to dismiss this case: (i) it is a two-party dispute, (ii) there is no meaningful prospect of reorganization, (iii) Townes holds 99% of the claims, and (iv) other unsecured creditors did not participate in the case. (D.I. 6-2 at 8–9) The Bankruptcy Court reached its conclusion notwithstanding its recognition that "voluntary Chapter 11 cases should be dismissed under Section 1112 sparingly and with great caution." (*Id.* at 4)

3

(internal quotation marks omitted). In attempting to show likelihood of success, Appellants point to three purported errors in the Bankruptcy Court's decision. (D.I. 4 at ¶ 13)

First, Appellants allege that the Bankruptcy Court incorrectly determined that they would not be able to confirm a plan of reorganization because the Townes entities could block any proposed plan. (*Id.*) Appellants suggest that if they successfully avoid Townes' lien, they could relegate the resulting unsecured claim into its own class, and thus prevent Townes from unilaterally blocking plan confirmation. (*Id.*) The Court finds this argument unpersuasive. Appellants admitted that they intend to file a plan of liquidation, not a plan of reorganization. (D.I. 6-1 at 29) A liquidation plan can further a valid bankruptcy purpose, but only if that plan will maximize the value of the debtor's estate. *See In re Crown Vill. Farm, LLC*, 415 B.R. 86, 92 (Bankr. D. Del. 2009). The testimony in the record indicates that if Townes acquires the Appellants, the payout to the other creditors will be greater than in a liquidation. (*Compare* D.I. 6-1 at 34, *with* D.I. 6-1 at 11, 14, 66) Thus, Appellants' theoretical argument offers no basis to question the Bankruptcy Court's finding that there is no meaningful prospect of reorganization.[3]

Second, Appellants argue that the Bankruptcy Court erred by finding that this case is a two-party dispute given that the Townes entities are legally distinct from one another. (D.I. 4 at ¶ 16) The Court finds that the record supports the Bankruptcy Court's conclusion that the two entities are functionally equivalent. Mr. Ross testified in the Bankruptcy Court that he has authority to speak on behalf of Townes II, that Townes completely owns Townes II, and that both entities support dismissal of the bankruptcy. (*See* D.I. 6-1 at 71) Appellants have not shown a likelihood of success on this point.

---

[3] The Court also finds it unlikely that Appellants could meet the requisite reasonableness standard for separately classifying Townes' resulting unsecured claim, given that the purpose for doing so would appear to be to gerrymander an affirmative vote. *See Matter of Jersey City Med. Ctr.*, 817 F.2d 1055, 1061 (3d Cir. 1987).

4

Third, Appellants argue that the Missouri state court will not likely grant a receivership. (D.I. 4 at ¶18) Because the Bankruptcy Court did not factor the likelihood of a receivership into its analysis of the *Primestone* factors, the Court finds this point immaterial.

Accordingly, Appellants have not demonstrated a likelihood that the Bankruptcy Court abused its discretion by dismissing their case.

2. <u>Whether the Applicant Will be Irreparably Harmed</u>. "To constitute irreparable harm ... an injury cannot be speculative; it must be certain, great, and actual." *In re ANC Rental Corp.*, 2002 WL 1058196, at *2 (D. Del. May 22, 2002) (citing *Sprint Corp. v. DeAngelo*, 12 F. Supp. 2d 1188, 1194 (D. Kan. 1998)). Appellants argue that if Townes is successful in the receivership proceedings, Appellants will suffer irreparable harm because their appeal will become moot. (D.I. 4 at ¶¶ 22–23)

This argument is unpersuasive for at least two reasons. First, Appellants simultaneously contend that Townes has no basis to appoint a receiver (and therefore the Missouri court will likely not appoint a receiver). (*See id.* at ¶¶ 18–19)[4] Second, as already explained, Appellants have not made a strong showing that they are likely to succeed on appeal. Appellants' argument, thus, relies solely on their potential loss of an appeal, and "equitable mootness of an appeal, without more, does not constitute irreparable harm." *In re New Century TRS Holdings, Inc.*, 2009 WL 1833875, at *2 (D. Del. June 26, 2009).

3. <u>Substantial Injury to the Other Interested Parties</u>. Townes claims that a stay will cause substantial injury because its collateral will continue to diminish in value if it cannot exercise its

---

[4] The Bankruptcy Court did not "speculate on the appointment of a receiver" and explained that its dismissal "was not based on ... in-depth analysis of Missouri receivership law or other remedies that might be available to creditors in those proceedings." (June 8, 2015 transcript at 20) It further stated: "it was my full and confident expectation that dismissal would lead to further proceedings in the Missouri State Court. . . . Whatever remedy is ordered by that Court will be determined in accordance with applicable law." (*Id.* at 20-21)

5

state court rights. (D.I. 6 at ¶ 20) Appellants, however, represent that they will continue making adequate protection payments to preserve Townes' collateral. (D.I. 4 at ¶ 25) Though the attendant delay associated with a stay may cause some injury to Townes, the Court is not persuaded this injury will be substantial. Appellants have met their burden on this factor.

4. Public Interest. Appellants contend that the public has an interest in the correct application of the law, which supports a stay in this case. (D.I. 4 at ¶ 26) (citing *Ams. United for Separation of Church & State v. City of Grand Rapids*, 922 F.2d 303, 306 (6th Cir. 1990)) While the Court agrees with Appellants that the public has an interest in correct application of the law, the Court has determined that in this case Appellants failed to show a likelihood that the Bankruptcy Court misapplied the law. Moreover, as a general matter, "[t]here is always a strong public interest in having lawsuits move forward to resolution as speedily as possible." *Castle v. Crouse*, 2004 WL 1490336, at *5 (E.D. Pa. July 2, 2004). Given that this is at least largely a two-party dispute, the Court finds that the public interest favors allowing this matter to move forward towards a resolution in the more appropriate forum – Missouri state court. *See, e.g., In re Shar*, 253 B.R. 621, 636–37 (Bankr. D.N.J. 1999) (explaining that state courts, not bankruptcy courts, are more appropriate for strictly two-party disputes).

5. Conclusion. On balance, Appellants have not met their burden to show that the pertinent factors weigh in favor of granting a stay. Accordingly, the Court will deny Appellants' Emergency Motion for Stay Pending Appeal.

Honorable Leonard P. Stark
UNITED STATES DISTRICT JUDGE

6